### EX PARTE GUY IRBY NABORS, JR.

No. 20208. Delivered November 9, 1938.
On rehearing November 23, 1938.

The opinion states the case.

*Eddie Roark,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—On the 17th of October, 1938, the grand jury of Dallas County returned an indictment against relator charging him with the offense of burglary. For the purpose of enhancing the penalty, allegations were set forth in the indictment showing that, prior to the commission of the offense

charged, relator had been twice convicted of felonies less than capital. The court required bail in the sum of $10,000, and, in a habeas corpus proceeding, refused to reduce such amount, and remanded relator to custody. Hence this appeal.

Article 63, P. C., reads as follows: "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

We are not impressed with the view that the required bail is excessive. It might be added that there is nothing in the record to show that relator has been unable to give bond in the amount fixed by the court.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—In his motion for a rehearing, appellant earnestly insists that we erred in affirming the judgment of the trial court, who set the amount of his appearance bond in the sum of $10,000. It is his contention that the indictment and the proof only showed one previous conviction of an offense of like character. Upon a more careful examination of the record, we find that appellant's contention should have been sustained. The second count of the indictment charged that on the 29th of March, 1934, in the criminal district court of Tarrant County, said Guy Irby Nabors, Jr., was duly legally tried and convicted of a felony of like nature and character as that set forth and charged in count number one, and being less than capital, to-wit, the offense of burglary upon an indictment in cause number 36179, styled "The State of Texas v. Guy Irby Nabors, Jr."

That on the 21st day of March, 1934, the said Guy Irby Nabors, Jr., was duly and legally tried and convicted in the criminal district court of Tarrant County, Texas, of a felony of like nature and character set forth in count number one hereof and being less than capital, to-wit, the offense of burglary, upon indictment in cause number 36179, styled "The State of Texas v. Guy Irby Nabors, Jr."

The proof offered in support of these allegations corresponds with the allegations in the indictment. On original submission of the cause, it appeared to us that the indictment charged two convictions of offenses of like nature and character as set forth in count number one. We inadvertently overlooked the fact (nor was our attention directed thereto) that both convictions were in the same numbered cause. Hence, the indictment really charged but one prior conviction.

Upon a conviction in this cause, the punishment assessed could only be the highest prescribed by the law for said offense, to-wit, 12 years. See Article 1397, P. C.

It seems to us that under the facts disclosed by the record, the amount of the bond required of him is excessive. Therefore the motion for a rehearing is granted, the judgment of the trial court is reversed, the amount of appellant's bond is fixed at $2,500.00 and it is ordered that upon the giving of a good and sufficient bond in said sum, conditioned as required by law, he be released.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.